UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RICHARD PRESTON BLACKWELL,

                                         Civil No. 24-35 (JRT/SGE)

              Plaintiff,

v.

WASHINGTON COUNTY, and                **ORDER AND MEMORANDUM OPINION**
COMMANDER ROGER HEINEN, *in his*       **GRANTING DEFENDANTS' MOTION TO**
*individual capacity*, JOHN DOE, *Assistant*                      **DISMISS**
*Jail Administrator, in his individual*
*capacity*, OFFICER JOHNSON, *in his*
*individual capacity*, and JOHN DOES, *in*
*their official capacities*.

              Defendant.

---

Richard Preston Blackwell, 101 Fifth Street, Suite 150, Saint Paul, MN, 55101, *pro se* Plaintiff.

Vicky A. Hruby, **JARDINE LOGAN & O'BRIEN PLLP**, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042, for Defendant.

Plaintiff Richard Preston Blackwell brings this action against Defendants Washington County, Roger Heinen, an "Officer Johnson," and various John Does (collectively "Defendants") under 42 U.S.C. § 1983 and state law claims after Defendants strip searched Blackwell while in custody at Washington County Jail ("WCJ"). Defendants move to dismiss the matter, based on insufficient service, lapse of statute of limitations, and failure to state a claim. Because most claims are outside the statute of limitations and the rest fail to state a claim, the Court will dismiss the matter with prejudice.

**BACKGROUND**

**I. FACTS**

As alleged in the Amended Complaint, Plaintiff Richard Preston Blackwell was confined at WCJ from January 10, 2018, to January 20, 2018, following an alleged probation violation. (Am. Compl. ¶¶ 4, 72, 75–76, Jan. 29, 2024, Docket No. 4.)[1] The allegations underlying this action occurred when Officer Johnson strip searched Blackwell upon arrival at WCJ. (*Id.* ¶¶ 4, 10, 12, 75.) Having filed previous grievances about Officer Johnson, Blackwell objected to the search being performed by Officer Johnson. (*Id.* ¶¶ 6, 10–74.)

**II. PROCEDURAL HISTORY**

On January 8, 2024, almost six years after the strip search incident, Blackwell filed this action and an application to proceed in forma pauperis ("IFP"). (Compl., Docket No. 1; Appl. to Proceed IFP, Docket No. 2.) On January 29, 2024, he filed an Amended Complaint to correct "typographical errors." (Am. Compl.) In granting Blackwell's application to proceed IFP, Magistrate Judge Elizabeth Cowan Wright[2] ordered Blackwell, under threat of recommending dismissal, to complete a U.S. Marshals Service Form ("Form USM-285") for each Defendant within 30 days to effectuate service on

---

[1] The Court cites to paragraph numbers when used in the Amended Complaint and page numbers in their absence.
[2] This case was reassigned to Magistrate Judge Shannon G. Elkins on October 21, 2024. (Clerk's Notice of Reassignment of Magistrate Judge, Docket No. 44.)

Defendants. (Order ¶ 2, Feb. 1, 2024, Docket No 5.) The Court issued summons as to all Defendants on February 2, 2024. (Summons, Docket No. 6.) The U.S. Marshals Service served Beth Kraske, an employee of Washington County, with process on February 14, 2024. (1st Summons Returned Executed at 1, Feb. 15, 2024, Docket No. 9.) Upon execution of summons, Defendants were ordered to answer the Amended Complaint by March 6, 2024. (*Id.* at Docket Entry Text; *see also* Order/Notice to Party at 2, May 31, 2024, Docket No. 10.)

Defendants never answered the Amended Complaint. After three months of no docket activity, the Magistrate Judge issued an order on May 31, 2024, asking Blackwell to (1) file proof of service as to Defendants Roger Heinen and "Officer Johnson" in their individual capacities, (2) notify counsel for Defendants Washington County and Roger Heinen and Officer Johnson in their official capacities that they were required to make an appearance or move for an extension of time to do, and (3) apply for entry of default as to Defendants Washington County and Roger Heinen and Officer Johnson in their official capacities. (Order/Notice to Party at 3.)

Only upon that order did Defendants begin to engage. On June 10, 2024, Defendants moved to dismiss, arguing they had never been properly served in this matter, that the statutes of limitations had expired, and that the Amended Complaint failed to state a claim. (Mot. to Dismiss at 1, Docket No. 11.)

For his part, Blackwell resubmitted Form USM-285 for each Defendant and then moved for default judgment, as he was ordered to do.[3] (Mot. for Default J., June 11, 2024, Docket No. 20.) However, the Clerk notified Blackwell she would not make an entry of default; rather, she reissued summons for Defendants and give special instructions to the U.S. Marshals Service to hand-deliver service packets to the Office of the County Administrator. (Letter from Clerk's Office, June 14, 2024, Docket No. 23.) The U.S. Marshals Service served Washington County Administrator Kevin Corbid on July 29, 2024. (2nd Summons Returned Executed at 1, Aug. 1, 2024, Docket No. 35.) Thereafter, Defendants renewed their motion to dismiss. (Renewed Mot. to Dismiss, Aug. 19, 2024, Docket No. 36.)

In all, pending before the Court now are three motions: Defendants' Motion to Dismiss, Blackwell's Motion for Default Judgment, and Defendants' Renewed Motion to Dismiss.

## III. ATTEMPTED SERVICE OF PROCESS

Blackwell describes four attempts at service. First, he alleges he personally left a copy of the Summons, Complaint, and Waiver of Service with "a female staff member at the administrative window" in Washington County on January 16, 2024. (Aff. of Vicki A.

---

[3] Blackwell does not appear to have notified counsel for Defendants that they were required to make an appearance in this matter.

Hruby ("Hruby Aff.") ¶ 7, Ex. 2, at 1, June 10, 2024, Docket No. 14.)[4] Second, he emailed an Amended Complaint with "typographical corrections" to Roger Heinen and Carol Anderson of Washington County on January 29, 2024. (*Id.*) Third, following the Magistrate Judge's Order on February 1, 2024, he completed Form USM-285 for "Washington County Auditor/Treasurer," on the belief that doing so would accomplish service on all Defendants. (1st Summons Returned Executed; Blackwell Aff., June 11, 2024, Docket No. 21.) On February 14, 2024, acting on that submission, the U.S. Marshals Service served Beth Kraske, an office specialist at the Washington County Attorney's Office, with process. (1st Summons Returned Executed.) Fourth, after Defendants claimed they had not been properly served, Blackwell re-submitted Form USM-285s for each Defendant, prompting the U.S. Marshals Service to again serve process on Defendants on July 29, 2024, but this time on Washington County Administrator Kevin Corbid. (2nd Summons Returned Executed.)

## DISCUSSION

### I.  STANDARD OF REVIEW

Proper service is essential for a court to exercise jurisdiction over a party. *Murphy ABros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Printed Media Servs.,*

---

[4] Blackwell claims he "delivered Summons, Complaint, and Waiver of Service documents" to the Washington County office at this time. (Hruby Aff., Ex. 2, at 1.) However, the Court did not issue summons until February 2, 2024, so it is not clear what documents were provided at that time.

*Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). Questions concerning a court's jurisdiction must be resolved before considering any matter on the merits. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001).

Federal Rule of Civil Procedure 12(b)(5) allows a party to move to dismiss a complaint for insufficient service of process. The standard of review for a 12(b)(5) motion to dismiss is the same as that used for a 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 577–78 (11th Cir. 2014), *cert. denied*, 575 U.S. 1010 (2015). Therefore, to survive a motion to dismiss for insufficient service, "a plaintiff must plead sufficient facts to support a reasonable inference that the defendant" has been properly served. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (internal quotation mark omitted) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011)). The plaintiff bears the burden of proof on the issue of service, and at trial or an evidentiary hearing the plaintiff must establish by a preponderance of the evidence that service was proper. *Id.* In the context of a 12(b)(5) motion to dismiss, the parties may submit affidavits and evidence "to bolster their positions," but if they do, the "motion is in substance one for summary judgment." *Id.* And "[a]t the motion stage, the action should not be dismissed for lack of [proper service] if the evidence, viewed in the light most favorable to [the plaintiff], is sufficient to support a conclusion that" service was proper. *Id.*

Only after resolving the issue of service will a court review the merits. In reviewing a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). To survive a motion to dismiss, a complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a motion to dismiss, the court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

**II.   ANALYSIS**

The Defendants rest on three arguments for dismissal. First, that Blackwell failed to properly serve them and that the time to do so has long since passed. Second, that even had they been served properly, the statute of limitations has run. And third, that Blackwell failed to state a claim.[5] Each will be taken in turn.

---

[5] Defendants' Motions to Dismiss perplexingly do not assert failure to state a claim for Counts II, III, and IV. However, because Blackwell is proceeding IFP, the Court shall, sua sponte, dismiss the action if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### A.   Insufficient and Untimely Service of Process

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*; *see also Lujano v. Omaha Pub. Power Dist.*, 30 F.3d 1032, 1034–35 (8th Cir. 1994).

To determine whether to dismiss the action for failure to serve within 90 days, the Court asks two questions: (1) whether any of Blackwell's four attempts at service of process were enough to satisfy the Federal Rules of Civil Procedure, and (2) whether Blackwell had good cause for failing to serve Defendants within 90 days.

#### 1.   Attempts at Service

Blackwell's first three attempts at service were insufficient. His first two attempts plainly failed because, *inter alia*, the summons had not yet even been issued by the Court. Fed. R. Civ. P. 4(a) (requiring process to include summons that is "signed by the clerk" and "bear[s] the court's seal").

His third attempt comes closer but ultimately fails, as well. On February 1, 2024, Blackwell did as he was told by the Magistrate Judge: he completed Form USM-285 for "Washington County Auditor/Treasurer," believing this form would accomplish service on all Defendants. (1st Summons Returned Executed.) On February 14, 2024, acting on that submission, the U.S. Marshals Service served Beth Kraske, an office specialist at the Washington County Attorney's Office, with process. (*Id.*) However, to properly serve

Washington County, either the chair of the County Board or the County Auditor needed to be served. Fed. R. Civ. P. 4(j)(2); Minn. R. Civ. P. 4.03(e)(1) (noting service effected by delivering process "[t]o the chair of the county board or to the county auditor of a defendant county"). Beth Kraske was not authorized to accept service on behalf of Washington County, nor for Heinen and Johnson in either their official or individual capacities. (Decl. Bethany Kraske ("Kraske Decl.") ¶¶ 2–5, June 10, 2024, Docket No. 16.) Blackwell therefore failed to serve Defendants on February 14, 2024.

However, on his fourth and final attempt, Blackwell sufficiently served Defendants. To correct the previous error in service, Blackwell re-submitted Form USM-285 for each Defendant, prompting the U.S. Marshals Service to again serve process on Defendants on July 29, 2024, but this time on Washington County Administrator Kevin Corbid. (2nd Summons Returned Executed.) Defendants do not seem to contest that serving Corbid would accomplish service on Defendants, at least in their official capacities; instead, Defendants merely argue service was untimely.

Because successful service occurred well past the 90 days required by the Federal Rules of Civil Procedure, Blackwell's Amended Complaint only survives dismissal if he had good cause to miss that 90-day deadline.

### 2. Good Cause

"Good cause" for failing to meet the 90-day service rule requires at least excusable neglect, which in turn requires "good faith on the part of the party seeking an enlargement [of time] and some reasonable basis for noncompliance within the time

specified in the rules." *Lujano*, 30 F.3d at 1032 (internal quotation omitted) (quoting *Dominic v. Hess Oil V.I. Corp*, 841 F.2d 512, 517 (3d Cir. 1988)).

> [G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis.

*Kurka v. Iowa Cnty.*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed.2002)).

Here, three independent bases, at least in their aggregate, provide good cause for Blackwell's delay. First, acting on Blackwell's first Form USM-285, the U.S. Marshals Service served the wrong employee of Washington County. Second, Blackwell repeatedly reached out to Washington County and its counsel to inquire as to how to properly serve Defendants, demonstrating a diligence in trying to effect service. And third, he is, of course, proceeding both pro se and IFP.

This case is not one in which the plaintiff's "untimely service was attributable to inattention to procedural rules." *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 614 (8th Cir. 2003). Here, Blackwell followed the Magistrate Judge's orders. He had no role in selecting Beth Kraske as the particular Washington County employee to serve. Even the Docket stated unequivocally that process had been successfully served on Defendants on February 14, 2024, and that answers were due from Defendants on March 6, 2024. (*See*

1st Summons Returned Executed.) No reasonable plaintiff, especially one proceeding pro se, would see that official entry by the Court and believe anything other than that process had been properly served.

The Court finds Blackwell's neglect was excusable, and that he has shown good cause for exceeding the 90 days to serve Defendants. The Court will therefore not dismiss for failure to timely serve Defendants nor for insufficient service of process.

### B. STATUTE OF LIMITATIONS

Despite showing good cause to miss the 90-day service of process deadline, many of Blackwell's claims are nevertheless barred by their statutes of limitations. Because Blackwell's state law claims and § 1983 claims face potentially different commencement dates, the Court will analyze them separately.

#### 1. State Law Claims

The maximum statute of limitations for Blackwell's state law claims is six years. Claims under the Minnesota Human Rights Act have a one-year statute of limitations. Minn. Stat. § 363A.28, subd. 3(a). Claims for intentional torts of assault, battery, and intentional infliction of emotional distress have a two-year statute of limitations. Minn. Stat. § 541.07(1); *Strandlund v. Hawley*, 532 F.3d 741, 746 (8th Cir. 2008). And his other state law claims, however stated and construed liberally, have at most a six-year statute of limitations under Minnesota's residual statute. Minn. Stat. § 541.05, subd. 1(5).

When reviewing state claims sitting in diversity, the Court looks to state law to determine when the suit commenced. *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 867–68

(8th Cir. 2000). Unlike under federal law, where a lawsuit commences upon filing, a lawsuit is commenced under Minnesota law only upon service of the summons. *Id.* at 867; Minn. R. Civ. P. 3.01(a) ("A civil action is commenced against each defendant . . . when the summons is served upon that defendant.").

Here, Blackwell's alleged injuries that form the basis of this suit occurred during his incarceration at the Washington County Jail sometime between January 10 and January 20, 2018. (Am. Compl. ¶¶ 4–75.) Therefore, to be within the statute of limitations, his lawsuit must have commenced by January 20, 2024. Blackwell filed on January 8, 2024, but the Clerk did not issue summons until February 2, 2024, and service was not accomplished until July 29, 2024. Therefore, all state law claims are outside the statute of limitations and barred. The Court will dismiss them with prejudice.

### 2. Section 1983 Claims

Section 1983 does not contain a statute of limitations, so "federal law looks to the law of the State in which the cause of action arose" and borrows that state's personal-injury tort statute of limitations instead. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Minnesota, § 1983 claims have a six-year statute of limitations. Minn. Stat. § 541.05, subd. 1(5); *Ringsred v. City of Duluth*, 995 N.W.2d 146, 152 (Minn. 2023) ("There is no dispute that the applicable statute of limitations for section 1983 claims in Minnesota is 6 years."); *United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012) ("The statute of limitations on claims under 42 U.S.C. § 1983 . . . is six years in Minnesota.").

Typically, federal lawsuits commence upon filing. Fed. R. Civ. P. 3. ("A civil action is commenced by filing a complaint with the court.") However, because § 1983 actions borrow the state statute of limitations, it is unclear whether § 1983 actions follow the state or federal rule for commencement of an action. The Supreme Court has been clear that the accrual of a § 1983 action is a question of federal law. *Wallace*, 549 U.S. at 388 ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."). But neither the Supreme Court nor the Eighth Circuit has gone one step further to say that courts should also look to federal law to determine when a plaintiff has successfully commenced the action. Still, other circuits to consider the question have unanimously held that § 1983 claims borrow only the length of the statute of limitations, not the commencement date of the suit.[6] Without direction from the Eighth Circuit, the Court will borrow the unanimous rule of other circuits.

Here, Blackwell filed his complaint—and thus, for § 1983 purposes, commenced his suit—on January 8, 2024,[7] less than six years after the claims accrued at the earliest on January 10, 2018. The § 1983 claims are therefore not barred by the statute of limitations.

---

[6] *See McIntosh v. Antonino*, 71 F.3d 29, 36 (1st Cir. 1995); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991); *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987); *Moore v. State of Indiana*, 999 F.2d 1125, 1129–30 (7th Cir. 1993); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002).

[7] Blackwell filed an Amended Complaint on January 29, 2024. However, it relates back to the original Complaint for statute of limitations purposes because the Defendants are the same and were or should have been on notice that they were being sued.

### C.   FAILURE TO STATE A CLAIM

While Blackwell's § 1983 claims do not fail procedurally, they must still meet the pleading standards.  Blackwell pleads four § 1983 claims relating to his treatment at WCJ: one under the Fourteenth Amendment (Count I), one under the Fourth Amendment for an unreasonable search and seizure (Count II), one under the Fourth and Eighth Amendments for excessive force (Count III), and one under the Eighth Amendment for cruel and unusual punishment (Count IV).  Each fail to state a claim.

In Count I, Blackwell pleads several subclaims under the Fourteenth Amendment.  But unlike pretrial detainees, who can "find shelter in the Fourteenth Amendment's Due Process Clause," persons in custody for a probation violation must meet the higher burden of showing a violation under the Eighth Amendment.  *Peterson v. Heinen*, 89 F.4th 628, 634 (8th Cir. 2023).  Because Blackwell's incarceration stemmed from a probation violation, any claim under the Fourteenth Amendment necessarily fails.

In Counts II, III, and IV, Blackwell alleges law enforcement unconstitutionally performed a strip and body cavity search upon entering the WCJ.  Even taking all facts Blackwell alleges as true, such searches have regularly been found to be reasonable for booking procedures, even for minor offenses.  *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 326–30 (2012).  And though Blackwell would have preferred someone other than Officer Johnson perform the search, he does not plausibly allege any facts that Officer Johnson did anything other than what would be expected

during such a routine search. Blackwell has thus failed to state a claim under the Fourth or Eighth Amendments.

Blackwell's remaining counts must therefore be dismissed for failure to state a claim.

## CONCLUSION

Blackwell asserts both state law and § 1983 claims for his treatment while detained at the Washington County Jail. Defendants move to dismiss for insufficient service of process, lapsed statutes of limitations, and failure to state a claim. Because Blackwell showed good cause for failing to meet the 90-day deadline to serve Defendants, the Court will not dismiss for insufficient service of process. Still, his state law claims were not commenced within the statute of limitations, and his § 1983 claims fail to state a claim. Therefore, the Court will grant Defendants' motion to dismiss, dismiss Blackwell's claims with prejudice, and deny his motion for entry of default judgment.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendants' Motion to Dismiss [Docket No. 11] is **GRANTED**.

2. Defendants' Renewed Motion to Dismiss [Docket No. 36] is **DENIED as moot**.

3. Plaintiff's Motion for Default Judgment [Docket No. 20] is **DENIED**.

4. Plaintiff's Amended Complaint [Docket No. 4] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 27, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge